CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 18 2015

JULIA O. DUDLEY, CLERK
BY: /s/
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JERRY L. HOBACK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 7:14-CV-00711 |
| v. | ) |
| | ) **MEMORANDUM OPINION** |
| JOHN DOE, | ) |
| unidentified law enforcement officers | ) By: Hon. Glen E. Conrad |
| and agencies, | ) |
| | ) Chief United States District Judge |
| Defendants. | ) |

Plaintiff Jerry L. Hoback filed his initial complaint under 42 U.S.C. § 1983 on December 30, 2014. This case is presently before the court on plaintiff's motion for leave to file a second amended complaint. For the reasons set forth below, plaintiff's motion will be denied.

### Background

The court summarizes the factual allegations in a light most favorable to the plaintiff. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007).[1] Hoback is a resident of Roanoke, VA. John Doe defendants, unidentified law enforcement officers and agencies, are believed to be employees of the Bedford County Sheriff's Department. On April 20, 2013, Hoback attended a social function on Quarry Road in Bedford, Virginia. At some point while Hoback was at the social function, members of the Bedford County Sheriff's Department arrived and asked to see identification for everyone who was present. The officers spotted Hoback walking around without a shirt on and asked one of Hoback's family members to remove him from the property, presumably to take him home.

---

[1] Although defendants did not file a motion to dismiss, they request that the court dismiss the case in their opposition brief. An assertion that an amendment is futile is reviewed under the "motion to dismiss" standard. Miller v. Beneficial Mgmt. Corp., 884 F. Supp. 990, 1001 (D.N.J. 1993).

unidentified police officer grabbed his shoulder and spun him around. The officer then struck Hoback in the face with his fist and kicked Hoback when he fell to the ground. While Hoback was on the ground, several other officers punched him in the back of the head and one officer kicked him in the groin. In his complaint, Hoback claims that he posed no threat to officers and did not provoke this altercation. Hoback seeks damages as a result of this unreasonable and excessive force in violation of 42 U.S.C. § 1983.

Hoback filed suit against the County of Bedford and John Doe defendants on December 30, 2014. The County was served on January 30, 2015. On February 28, 2015, the County of Bedford filed a motion to dismiss for failure to state a claim, arguing that Hoback failed to show that the County deprived him of a constitutional right through an official policy or custom. On May 22, 2015, Hoback filed his first motion for leave to amend his complaint to add Sheriff Michael Brown, the Bedford County Sheriff, as an additional defendant. On June 12, 2015, the court granted the County's motion to dismiss and granted in part Hoback's motion to add Sheriff Brown as an additional defendant. Sheriff Brown was served on July 17, 2015. Sheriff Brown filed a motion to dismiss on July 21, 2015 arguing, <u>inter alia</u>, that he was entitled to sovereign immunity under the Eleventh Amendment. The court granted Sheriff Brown's motion on August 19, 2015. The motion for leave to file a second amended complaint has been fully briefed and is now ripe for review.

## **Discussion**

Rule 15 of the Federal Rules of Civil Procedure provides that "leave to amend shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The court should deny granting leave to amend only where good reason exists, <u>Franks v. Ross</u>, 313 F.3d 184, 185 n.15 (4th Cir. 2002), such as when the amendment would be "prejudicial to the opposing party, there has been

2

bad faith on the party of the moving party, or the amendment would have been futile," Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006). An amendment is futile if the amended complaint could not survive a motion to dismiss for failure to state a claim. Perkins v. United States, 55 F.3d 910, 917 (4th Cir. 1995). For the following reasons, the court holds that Hoback's amended complaint would be futile.

## I. Statute of Limitations

John Doe defendants objects to Hoback's motion for leave to file a second amended complaint because the amendment does not relate back to the original complaint, and therefore his claim is barred by the statute of limitations. There is no explicit statute of limitations for § 1983 claims, so the state limitations period for personal injury actions applies. Wilson v. Garcia, 471 U.S. 261, 266 (1985). Virginia has a two-year statute of limitations for personal injury claims. Va. Code. Ann. § 8.01-243(A). The events giving rise to Hoback's claim occurred on April 20, 2013; therefore, the statute of limitations expired on April 20, 2015. Hoback filed his initial complaint on December 30, 2014, within the statute of limitations period.

A claim barred by the applicable statute of limitations is futile, and an untimely amendment can be denied on that basis. United States v. Pittman, 209 F.3d 314, 317 (4th Cir. 2000). However, Rule 15(c) allows amendments to a complaint to relate back to the initial complaint under certain circumstances. One such circumstance is when a party seeks to name previously unidentified parties, which falls under Rule 15(c)(3)(C). See Bruce v. Smith, 581 F. Supp. 902, 905 (W.D. Va. 1984) ("Naming unknown, fictitious, or 'John Doe' defendants in a complaint does not toll the statute of limitations until such time as the names of these parties can be secured. Instead, it amounts to a change of parties under Fed. R. Civ. P. 15(c) and the newly named defendant sought to be substituted for the previously unknown defendant becomes a new

3

party."). An amended complaint naming a new party will relate back if three conditions are met: "(1) the claim asserted in the amended pleading arise out of the conduct, transaction, or occurrence set forth in the original pleading; (2) within the period provided by law for commencing the action against them, the parties to be brought in have received such notice of the institution of the action that they will not be prejudiced in maintaining their defense on the merits; and (3) the new parties knew or should have known that, but for the mistake concerning the identity of the proper parties, the action would have been brought against them." Id. There is no dispute in this case that the claims in the second amended complaint arose out of the same conduct, transaction, or occurrence as the claims in the original complaint. Therefore, the primary inquiry is whether the second and third factors are met. Nevertheless, if the plaintiff cannot establish "mistake" under Rule 15(c), then the court need not address whether any potential new parties had constructive notice. See id. at 906 ("[I]n the absence of a mistake by plaintiff as to the identification of the proper defendants, it is irrelevant whether the new party had constructive notice that the suit would have been brought against him.").

In this instant case, the court finds that there was no mistake as to the identification of the proper parties. Hoback seeks leave to amend his complaint to name the unidentified law enforcement officers.[2] He does not assert, however, that he previously made a mistake as to the identity of the officers. In fact, Hoback even admits in his motion that he is "unsure which of the identified law enforcement officers injured him and will require further disclosure." Pl.'s Mot to Amend. ¶ 8. The law in the Fourth Circuit is clear that "mistake" under Rule 15(c)(1)(C) does not permit relation back when there is a "lack of knowledge of the proper party." W. Contracting

---

[2] In his motion, Hoback states that he seeks leave to amend because he "intends to identify those individuals previously sued as 'John Doe.'" Pl.'s Mot. to Amend ¶ 6(a). However, his proposed second amended complaint still names the defendants as "John Doe." Pl.'s Mot. to Amend Ex. A. For the purposes of this opinion, the court will treat Hoback's motion as seeking leave to amend the complaint to name the John Doe defendants at this time.

4

Corp. v. Betchtel Corp., 885 F.2d 1196, 1201 (4th Cir. 1989); see also Locklear v. Bergman & Beving AB, 457 F.3d 363, 366 (4th Cir. 2006) ("[W]e have, in analyzing the scope of this rule, distinguished between mistake due to a lack of knowledge and mistake due to a misnomer. In doing so, we have not viewed lack of knowledge of the proper party to be sued as a 'mistake[.]'"). The Court in Locklear found that allowing the plaintiff to substitute named parties for the "John Doe" defendants, after the statute of limitations has run, would "circumvent the weight of federal case law" holding that this type of substitution "does not constitute a mistake." Id. at 367. The same situation is present in the instant case, and the court finds that there was no mistake as to the identities of John Doe defendants.

With respect to Hoback's argument that he was not given the identities of John Doe, the "burden of finding the proper defendant is on the plaintiff." Philip v. Sam Finley, Inc., 270 F. Supp. 292, 294 (W.D. Va. 1967). Hoback cannot toll the statute of limitations by filing his complaint under a fictitious name, which is especially true when there are no allegations of misconduct by the defendant. Id. Here, Hoback does not contend that the County or Sheriff Brown misled or attempted to conceal the identity of John Doe defendants. Moreover, there is no evidence that Hoback attempted to discover the names of the John Doe defendants prior to the court's order on August 19, 2015, which outlined an understanding that defense counsel would provide the names to Hoback. Therefore, the court finds that Hoback offered no evidence of misconduct by the dismissed defendants that could possibly permit it to toll the statute of limitations period.

Because Hoback has not shown that he was mistaken as to the names of the proper defendants and, in fact, admitted to his lack of knowledge as to the proper defendants, the court finds that the second amended complaint does not relate back to the initial complaint. Moreover,

5

there is no evidence of misconduct by the dismissed defendants to toll the statute of limitations period. Therefore, the amendment is futile because the claim against the John Doe defendants is barred by the statute of limitations.

## II. Rule 4(m)

The court also finds that Hoback has failed to accomplish service on the John Doe defendants within 120 days of the filing of the original complaint, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. At no point in the instant action did Hoback ask the court to extend the time for service for good cause. Therefore, the court is required, on its own motion, to dismiss the claims against the John Doe defendants without prejudice pursuant to Rule 4(m).

## Conclusion

For foregoing reasons, the court concludes that Hoback's second amended complaint does not relate back to the original complaint and there is no evidence of misconduct by the dismissed defendants to toll the statute of limitations. Therefore, the court holds that the statute of limitations has expired for the John Doe defendants, and the second amended complaint is futile. As such, Hoback's motion for leave to file a second amended complaint is denied. In addition, the claim against the John Doe defendants must be dismissed without prejudice, pursuant to Rule 4(m). The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to all counsel of record.

ENTER: This 18th day of September, 2015.

/s/ Joe Conrad
Chief United States District Judge